IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| PRESTON T. MATHIS | ) CASE NO. 1:10CV1387 |
| Plaintiff, | ) |
| v. | ) JUDGE KATHLEEN M. O'MALLEY |
| CUYAHOGA COUNTY JAIL, et al. | ) MEMORANDUM OF OPINION AND ORDER |
| Defendants. | ) |

Plaintiff *pro se* Preston T. Mathis filed this action under the Civil Rights Act of 1871, 42 U.S.C. § 1983, against the Cuyahoga County Jail and the Sheriff's Department.

A district court is expressly authorized to dismiss any civil action filed by a prisoner seeking relief from a governmental entity, as soon as possible after docketing, if the court concludes that the complaint fails to state a claim upon which relief may be granted, or if the plaintiff seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A; *Siller v. Dean*, 2000 WL 145167 * 2 (6th Cir. Feb. 1, 2000); *see Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) (citing numerous Supreme Court cases for the proposition that attenuated or unsubstantial claims divest the district court of jurisdiction); *In re Bendectin Litig.*, 857 F.2d 290, 300 (6th Cir. 1988) (recognizing that federal question jurisdiction is divested by unsubstantial claims).

Plaintiff states that two prior § 1983 actions filed in the United States District Court for the Northern District of Ohio were dismissed because he had sued the Cuyahoga County Sheriff's Department and the Cuyahoga County Jail, non suable entities. *Mathis v. Cuyahoga County Sheriff's Department*, Case Nos. 1:09CV1923, 1:10CV0156. He had asserted that the Cuyahoga County Jail

and/or Sheriff's Department were deliberately indifferent to his serious medical needs. He also asserted that unnamed the jail officers interfered with treatment that the doctor had ordered for him. Plaintiff has now filed a Petition for Writ of Mandamus under Ohio Revised Code 2731.02. Plaintiff alleges that, despite efforts to obtain the names of the individuals from the Sheriff's Department who caused his injury, he has received no response. He seeks an order from this Court requiring the Jail to provide the names and records pertaining circumstances described in his previous complaints.

Plaintiff brought this action under R.C. 2731.02, Ohio's mandamus statute. Mandamus is the only issue involved in this case. A federal court has no general jurisdiction to issue a writ of mandamus where that is the only relief sought. Such relief is available only as ancillary to and in aid of jurisdiction otherwise vested in it. *State ex rel. Skaggs v. Brunner*, 588 F.Supp.2d 828, 833 -834 (S.D.Ohio,2008). Although he brought his original action under 42 U.S.C. § 1983, his current request involves only a request for a writ of mandamus to be directed to a state entity or state officials. As this case requests relief under an Ohio statute, and asserts no other basis for jurisdiction, it is inappropriately filed here.

Accordingly, this action is dismissed. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

                       **s/ Kathleen M. O'Malley**
                       JUDGE KATHLEEN M. O'MALLEY
                       UNITED STATES DISTRICT JUDGE

DATED: September 28, 2010